UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                                                       CRIMINAL NO. 3:18CR52-DPJ-LRA

JEROME MILLER, JR.

ORDER

Before the Court is Defendant Jerome Miller, Jr.'s motion [185] and amended motion [187] to suppress or, alternatively, to dismiss for lack of jurisdiction. Defendant Brandon Deshanta Miller has moved to join Jerome Miller's motion. Mot. [231]. The motion to join is granted, but the suppression motion is denied as to Jerome Miller and Brandon Miller.[1]

I.   Background

In March 2018, Miller was indicted on one count of conspiracy to distribute more than 50 grams of methamphetamine in violation of 21 U.S.C. § 846. The United States' investigation into the conspiracy, which involved more than a dozen other people, included Title III wiretaps on various target telephones, none of which belonged to Miller. United States District Judge Carlton Reeves authorized the disputed wiretaps in two orders he entered in the Southern District of Mississippi. Pursuant to those orders, the Government recorded conversations Miller had while both he and the owner of the target telephone were in Texas. Miller says Judge Reeves lacked territorial jurisdiction to allow the Government to intercept calls he participated in while outside Mississippi. As a result, he seeks to suppress those calls' content.

---

[1] Because this Order focuses on Jerome Miller's motion, all references to "Miller" will be to him, not Brandon, unless otherwise noted.

Miller did not request a hearing under Uniform Local Criminal Rule 47(F)(1), which states that "[a]ll motions shall be decided by the court without evidentiary hearing or oral argument unless" the Court sets a hearing *sua sponte* or "upon written request of counsel." Because the issues are questions of law, the Court now rules without a hearing.

II.     Analysis

    A.      Timeliness

The United States argues that Miller's motion is untimely because it came "five and a half months" after the dispositive motion deadline. Resp. [197] at 2. Miller anticipated this argument in his motion, Mot. [187] at 2, invoking Federal Rule of Criminal Procedure 12(b)(2) which says "[a] motion that the court lacks jurisdiction may be made at any time while the case is pending." But his motion challenges the Court's territorial jurisdiction to enter an order allowing the Title III wiretaps, not its jurisdiction to hear the case.

Regardless, the Court has discretion to consider a delinquent motion for "good cause." Fed. R. Crim. P. 12(c)(3). Here, Miller has not explained why he was late, but this case has repeatedly been continued, at times for his own health-related reasons. And there is currently no trial setting due in part to the Court's Special Order addressing the national emergency caused by the Coronavirus pandemic. Thus, the United States had ample time to address the issues well before trial. And because the issues are purely legal, the United States suffered no lost evidence or other prejudice. Accordingly, the Court will consider the motion.

    B.      Merits

Under 18 U.S.C. § 2518(10)(a),

> Any aggrieved person in any trial, hearing, or proceeding in or before any court . . . may move to suppress the contents of any wire or oral communication intercepted pursuant to this chapter, or evidence derived therefrom, on the grounds that—

2

> (i) the communication was unlawfully intercepted;
>
> (ii) the order of authorization or approval under which it was intercepted is insufficient on its face; or
>
> (iii) the interception was not made in conformity with the order of authorization or approval.

Miller challenges the United States' conduct under subsection (i) and the wiretap orders under subsection (ii). Def.'s Mem. [188] at 4.

When authorizing a wiretap, a "judge may enter an ex parte order, as requested or as modified, authorizing or approving interception of wire, oral, or electronic communications within the territorial jurisdiction of the court in which the judge is sitting[.]" 18 U.S.C. § 2518(3). Here, Judge Reeves entered two materially identical orders addressing three target telephones. The first stated:

> **IT IS FURTHER ORDERED** that in the event that **TARGET TELEPHONE 5** and/or **TARGET TELEPHONE 11** is transferred outside the territorial jurisdiction of this Court, interceptions may continue to take place in the Southern District of Mississippi, where all intercepted communications over **TARGET TELEPHONE 5** and **TARGET TELEPHONE 11** will be first heard or read and minimized.

Feb. 6, 2017 Order [197-1] at 7. The second stated:

> **IT IS FURTHER ORDERED** that in the event that **TARGET TELEPHONE 5** and/or **TARGET TELEPHONE 11** is transferred outside the territorial jurisdiction of this Court, interceptions may continue to take place in the Southern District of Mississippi, where all intercepted communications over **TARGET TELEPHONE 5** and **TARGET TELEPHONE 11** will be first heard or read and minimized.

Mar. 31, 2017 Order [197-2] at 7.

Miller takes issue with these orders because they allowed the interception to continue if the target telephones were transferred outside the Southern District of Mississippi as long as the calls were first heard or read and minimized in this district. And that is what happened when he

3

and the owner of a target telephone communicated in Texas while federal agents listened in Mississippi.

Miller offers no relevant authority supporting his argument, nor could he. It has been rejected by the Fifth Circuit Court of Appeals and in dicta from the United States Supreme Court. To begin, the term "intercept" as used in § 2518(3)—which empowers judges to authorize wiretaps—is statutorily defined as "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." 18 U.S.C. § 2510(4). Based on that definition, the Fifth Circuit has held that "the interception must also be considered to occur at the place where the redirected contents are first heard." *United States v. Denman*, 100 F.3d 399, 403 (5th Cir. 1996) (quoting *United States v. Rodriguez*, 968 F.2d 130, 136 (2d Cir.), *cert. denied*, 506 U.S. 847 (1992)). In other words, the interception occurs where the conversation took place and where the government established the listening post to intercept it. And because interception includes both locations, "judges in either jurisdiction have authority under Title III to issue wiretap orders." *Id.*

The United States Supreme Court faced a similar issue in *Dahda v. United States*, 138 S. Ct. 1491 (2018). There, a judge in Kansas issued an order allowing multiple wiretaps. *Id.* at 1496. The issue on appeal was whether the district court's order was "insufficient on its face" because it allowed extraterritorial interception including those with listening posts outside Kansas. *Id.* at 1498–99. In reaching its holding, the Court observed that "a listening post within the court's territorial jurisdiction could lawfully intercept communications made to or from telephones located within Kansas or outside Kansas." *Id.* at 1499.

That is what Judge Reeves allowed here, and that is what occurred. Moreover, there is no argument that his orders failed to include the findings required under 18 U.S.C. § 2518(4).

Neither order was "insufficient on its face." *Dahda*, 138 S. Ct. at 1498.  Accordingly, there is no basis for suppressing the evidence under § 2518(10)(a)(ii).

As to the United States' conduct, Miller argues that the "interception of his communications expressly violated the Title III wiretap statute" because "[t]he government never filed for any applications before a federal court in Texas." Def.'s Mem. [188] at 4–5.  But as noted, there was no such requirement provided the listening post was located in this district. *Denman*, 100 F.3d at 403.  The parties agree that it was; Miller's argument lacks merit.

IV.     Conclusion

The Court has considered all arguments.  Those not addressed would not change the outcome.  Brandon Miller's motion to join [231] is granted.  Jerome Miller's motions to suppress or, alternatively, to dismiss for lack of jurisdiction [185, 187] are denied.

**SO ORDERED AND ADJUDGED** this the 13th day of April, 2020.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE